UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

November 16, 2011

RE:   *Trademark Remodeling, Inc. v. Rhines*
      PWG-11-1733

**LETTER ORDER**

Dear Counsel:

      This Letter Order memorializes the substance of the November 14, 2011 motions hearing, which was held to resolve issues related to Plaintiff Trademark Remodeling, Inc.'s ("Trademark") Notice of Removal, ECF No. 14; Defendants Greg and Sharon Rhines' ("the Rhines") Motion to Remand, ECF No. 19; Trademark's "Answer" to the Motion to Remand, ECF No. 20; Trademark's Supplemental "Answer" to the Motion to Remand, ECF No. 21; and the Rhines' Reply, ECF No. 22. A brief recitation of the current status of this case may be helpful. At present, two actions related to the same arbitration agreement and award, *see* Agr. to Contract for Remodeling Servs. 20, Pl.'s Pet. to Modify Ex. 4, ECF No. 1-2; Award of Arbitrator 1–3, Pl.'s Pet. to Modify Ex. 1, ECF No. 1-2, are pending in state and federal court. Pending before the Circuit Court for Carroll County, Maryland is the Rhines' Petition to Enforce Award of Arbitrator. *See* July 28, 2011 Carroll Cnty. Circuit Ct. Order 3, Pl.'s Notice of Removal Ex. 2, ECF No. 14-2. Pending before this Court is Trademark's Amended Motion to Modify, Vacate, or in the Alternative, Correct the Arbitration Award, ECF No. 16.[1] In its Notice of Removal, filed in this Court on September 8, 2011, Trademark seeks to remove the Carroll County Circuit Court action to federal court pursuant to this Court's diversity jurisdiction. *See* Pl.'s Notice of Removal 1–2. The Rhines argue, in their Motion to Remand, that removal of the Carroll County Circuit Court action is improper because Trademark's Notice of Removal was not timely filed in federal court. Def.'s Mot. to Remand ¶¶ 1–2 (citing 28 U.S.C. § 1446(b)).

      For the reasons stated on the record in the hearing, incorporated herein by reference:

---

[1] In a Memorandum and Order dated August 24, 2011, various procedural issues related to the federal filings were resolved, and Trademark was directed to file an Amended Motion to Modify, Correct, or Vacate the Arbitration Award and to properly serve the amended motion on the Rhines by United States Marshal. *See* Aug. 24, 2011 Mem. & Order, ECF No. 11. Plaintiff, complying with this Order, filed its amended motion on September 20, 2011. Service on the Rhines was properly performed by United States Marshal on September 23, 2011, and proof of service was filed on November 7, 2011. Pl.'s Process Receipt & Return 1, ECF No. 26.

1. Resolution of the removal issue will require evidence establishing the date on which the Rhines effected service of the complaint on Trademark in the Carroll County Circuit Court proceeding.  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").  The Rhines allege that Trademark was served with their Petition to Enforce in the Carroll County Circuit Court proceeding on June 8, 2011.  *See* Def.'s Mot. to Remand ¶ 2.  Trademark specifically denies this allegation.[2]  *See* Pl.'s Answer to Def.'s Mot. to Remand ¶ 1.

    a. At the motions hearing, Counsel for the Rhines provided to the Court a copy of an Affidavit of Service filed in the state proceeding, which purports to show that Trademark was served by a private process server on June 6, 2011.  *See* Aff. of Service 1, Hrg. Ex. 1.  A copy was also provided to Trademark's Counsel.  Trademark must be afforded an opportunity to review and respond to this submission.  Accordingly, within twenty-one (21) days, Trademark will file a Supplemental Response to the Rhines' Motion to Remand, stating whether it disputes the effectiveness of service and/or the date on which service was performed, and providing to the Court an affidavit or other document of evidentiary value stating facts that support its position.  If service is disputed, Trademark's Supplemental Response should also address the legal significance of ineffective service on the success of the Rhines' Motion to Remand.  The Rhines will respond, if at all, to Trademark's Supplemental Response within seventeen (17) days of service.  *See* Fed. R. Civ. P. 5(b)(2)(E); Loc. R. 105.2.a.  Trademark will reply to the Rhines' response, if at all, within fourteen (14) days of service.

    b. The parties are directed to attach as exhibits to their filings a copy of all pleadings and motions filed in the state court proceeding, including the original complaint, as well as all orders issued in the case by the Circuit Court for Carroll County.

    c. After reviewing the parties' filings, I will determine whether discovery is necessary to resolve any disputes as to the date or effectiveness of service.

2. If, upon review of the filings or after discovery if necessary, I determine that Trademark's removal was proper under 28 U.S.C. § 1446, the Carroll County Circuit Court case, encompassing the Rhines' Motion to Enforce the Arbitration Award, will proceed in federal court, alongside Trademark's Motion to Modify, Vacate, or Correct an Arbitration Award.  If, however, I determine that removal was not proper, the state and federal court cases will proceed separately and simultaneously unless sufficient grounds for abstention

---

[2] I note that Trademark's opposition to the Rhines' Motion to Remand is improperly styled as an Answer and, perhaps as a result, contains specific denials of facts that cannot be denied, such as the date on which it filed its Notice of Removal in this Court.  *See* Pl.'s Answer to Def.'s Mot. to Remand ¶ 1 (denying "items in paragraph 1, 2, and 3" of the Rhines' Motion to Remand).

are presented. If I reach the conclusion that removal was improper, the parties will, at that time, be asked to submit briefs addressing whether this Court should abstain in deference to the state court under the Supreme Court's *Colorado River* doctrine. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *see also Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340–44 (4th Cir. 2002).

Although informal, this is an Order of the Court and shall be docketed as such.

                                                     Sincerely,

                                                _____ /S/_____
                                                Paul W. Grimm
                                                United States Magistrate Judge

hlw