IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| TRADEMARK REMODELING, INC., | * |
| Plaintiff, | * |
| v. | Case No.: PWG-11-1733 |
| GREG RHINES and SHARON RHINES, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This Memorandum and Order memorializes, and elaborates on, the rulings made on the record in the evidentiary hearing held on March 7, 2012. The hearing was held to resolve evidentiary issues related to Plaintiff Trademark Remodeling, Inc.'s ("Trademark") Notice of Removal, ECF No. 14; Defendants Greg and Sharon Rhines' ("the Rhines") Motion to Remand, ECF No. 19; Trademark's "Answer" to the Motion to Remand, ECF No. 20; Trademark's Supplemental "Answer" to the Motion to Remand, ECF No. 21; the Rhines' Reply, ECF No. 24; Trademark's Supplemental Response to the Motion to Remand, ECF No. 30 (which was submitted pursuant to my November 16, 2011 Letter Order, ECF No. 29); the Rhines' Opposition to Trademark's Supplemental Response, ECF No. 32; Trademark's Reply, ECF No. 34; and Trademark's "Second Supplemental Response" to the Motion to Remand, ECF No. 38.

For the reasons set forth below, I find that the Rhines failed to properly effect service of process on Trademark. As a result, the thirty-day removal period did not begin to run until

August 17, 2011, when Trademark filed its answer in state court. Consequently, Trademark's Notice of Removal, which was filed in federal court on September 8, 2011, is timely and the Rhines' Motion to Remand must be DENIED. This Memorandum and Order disposes of ECF Nos. 14, 19, 20, 21, 24, 30, 32, 34, and 38.

I. BACKGROUND

Two actions related to the same arbitration agreement and award are currently pending in state and federal court. *See* Pl.'s Pet. to Modify Ex. 4, Agr. to Contract for Remodeling Servs. 20, ECF No. 1-2; Pls.' Pet. to Modify Ex. 1, Award of Arbitrator 1–3, ECF No. 1-2. Pending in the Circuit Court for Carroll County, Maryland is the Rhines' Petition to Enforce Award of Arbitrator. *See* Pl.'s Notice of Removal Ex. 2, July 28, 2011 Carroll Cnty. Circuit Ct. Order 3, ECF No. 14-2. Pending in this Court is Trademark's Amended Motion to Modify, Vacate, or in the Alternative, Correct the Arbitration Award, ECF No. 16.[1] In its Notice of Removal, filed in federal court on September 8, 2011, Trademark sought to remove the Carroll County Circuit Court action, encompassing the Rhines' Motion to Enforce, to federal court pursuant to this Court's diversity jurisdiction. *See* Pl.'s Notice of Removal 1–2. Responding to Trademark's Notice of Removal, the Rhines filed a Motion to Remand, arguing that removal of the Carroll County Circuit Court action was improper because Trademark's Notice of Removal was not timely filed in federal court. Defs.' Mot. to Remand ¶¶ 1–2 (citing 28 U.S.C. § 1446(b)).

---

[1] In a Memorandum and Order dated August 24, 2011, various procedural issues related to the federal filings were resolved, and Trademark was directed to file an Amended Motion to Modify, Correct, or Vacate the Arbitration Award and to properly serve the amended motion on the Rhines by United States Marshal. *See* Aug. 24, 2011 Mem. & Order, ECF No. 11. Plaintiff, complying with this Order, filed its amended motion on September 20, 2011. Service on the Rhines was properly performed by United States Marshal on September 23, 2011, and proof of service was filed on November 7, 2011. Pl.'s Process Receipt & Return 1, ECF No. 26.

2

Federal law provides that a defendant[2] "desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." 28 U.S.C. § 1446(a). The notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon [the party] in such action." *Id.* In a civil action, the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* § 1446(b). Thus, to determine whether Trademark timely filed its Notice of Removal in federal court, it is necessary to determine the date, if any, on which the Rhines properly effected service of their Petition to Enforce on Trademark in the Carroll County Circuit Court proceeding. Because this fact is in dispute, I ordered additional briefing. *See* Nov. 16,

---

[2] I note that, while Trademark is listed as the plaintiff in the present federal case, it was the defendant in the state court action initiated by the Rhines. *See* July 28, 2011 Carroll Cnty. Circuit Ct. Order 3. Importantly, a "state action can be removed to federal court only by a defendant." *Middleton v. Emerson*, No. 2:11-2535-DCN-BHH, 2011 WL 5320978, at *2 (D.S.C. Oct. 13, 2011) (citing 28 U.S.C. § 1446); *see also* 14B Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3721 (4th ed. 2009) ("A plaintiff cannot remove a state court action even when he or she could have commenced the action in a federal court, or has to defend against a counterclaim."). A state court defendant may remove a case to federal court "only if the state court action could have been originally filed in a federal district court." *Booker v. S.C. Dep't of Correc.*, No. 2:10-2247-HMH-RSC, 2010 WL 4279454, at *1 (D.S.C. Sept. 29, 2010) (citing 28 U.S.C. § 1441(a)). As a general matter, "a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332" or "if there is so-called 'federal-question' jurisdiction under 28 U.S.C. § 1331." *Id.* The parties in the present case are diverse. *See* Am. Pet. to Modify, Vacate, or in the Alternative, Correct An Arbitration Award ¶¶ 1–3, 68, ECF No. 16; 28 U.S.C. § 1332. There also is federal question jurisdiction in this case, as Trademark's federal claims are brought under the Federal Arbitration Act, 9 U.S.C. § 11. *See* Am. Pet. ¶ 4; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, *laws*, or treaties of the United States." (emphasis added)).

2011 Ltr. Order 2 (directing the parties to address "the effectiveness of service and/or the date on which service was performed"); *see also* Pl.'s Supp. Resp. to Mot. to Remand 1–3; Defs.' Opp'n to Pl.'s Supp. Resp. 1–5; Pl.'s Reply 1–4. After reviewing the conflicting evidence presented in the parties' submissions, I scheduled and conducted an evidentiary hearing. *See* Jan. 5, 2012 Ltr Order ,1–3, ECF No. 35 (directing the parties to "present live testimony and supporting documentation regarding the date on which process was served in the Carroll County Circuit Court proceeding, the identity of the person, if any, on whom it was served, and that individual's role in the company, including authorization to accept service of process").

## II. DISCUSSION

### A. Relevant Dates

As I noted during the hearing, a number of dates are potentially relevant to proper analysis of the Rhines' Motion to Remand. The chart below lists each date, accompanied by a brief explanation of the event occurring on that date. Unless otherwise noted by a citation, this information was gleaned from a review of the docket in the Carroll County proceeding.

| Date: | Event: |
|---|---|
| May 2, 2011 | Petition to Confirm (Enforce) Arbitration Award filed in the state court case by the Rhines. |
| May 3, 2011 | Summons issued in the state court case. |
| June 6, 2011 | Date of purported service by the Rhines' process server, Mr. Christopher Kaszak, on Trademark. *See* Defs.' Opp'n, Ex. 2, Aff. of Service 2, ECF No. 32-2; Defs.' Opp'n, Ex. 3, Christopher Kaszak Aff. ¶¶ 5-7, ECF No. 32-3. |
| June 8, 2011 | Return of service filed in state court by the Rhines. |

| Date: | Event: |
|---|---|
| June 24, 2011 | Original Petition to Modify, or in the Alternative, Correct an Arbitration Award, ECF No. 1, filed by Trademark in federal court. Motion to Vacate an Arbitration Award, ECF No. 2, also filed by Trademark in federal court. |
| June 30, 2011 | Motion to Dismiss Petition to Enforce Award of Arbitrator, or in the Alternative to Decline Jurisdiction and for Other Appropriate Relief filed by Trademark in state court. |
| June 30, 2011 | Attorney Appearance (Kathryn Freed Collier) filed on behalf of Trademark in state court. |
| August 2, 2011 | Order issued by Judge Hughes in the state court case denying Trademark's Motion to Dismiss. |
| August 17, 2011 | Motion to Reconsider [Trademark's] Motion to Dismiss Petition to Enforce Award of Arbitrator or, in the Alternative, to Decline Jurisdiction and for Other Appropriate Relief, or in the Alternative, Answer and Counterclaim filed by Trademark in state court. |
| September 8, 2011 | Notice of Removal filed by Trademark in both state and federal court. *See* ECF No. 14. |

Based on the foregoing, and as I describe further below, there are three possible dates on which the thirty-day period for filing notices of removal may have begun to run. First, were I to find that the Rhines properly effected service on Trademark on June 6, 2011, Trademark would have had thirty days from June 6, 2011—in other words, until July 6, 2011—to file their notice of removal in federal court. *See* 28 U.S.C. § 1446(b) (stating that notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise"). Therefore, had service of process properly been effected on Trademark on June 6, 2011, its Notice of Removal, which was filed in federal court on September 8, 2011, more than two months later,

would be untimely and remand would be appropriate. *See Hemphill v. Safeway, Inc.*, 430 F. Supp. 2d 517, 518 (D. Md. 2006) ("Courts routinely remand cases back to state court when a defendant's motion for removal is not timely filed." (citing *Barton v. Insignia Mgmt. Grp.*, 5 F. Supp. 2d 357 (D. Md. 1998))); *see also Stone Street Capital, Inc. v. McDonald's Corp.*, 300 F. Supp. 2d 345, 351 (D. Md. 2003) (finding that remand is appropriate where a "timely challenge to the timeliness of removal" succeeds); *Eparvier v. Fortis Ins. Co.*, 312 Fed. App'x 185, 187 (11th Cir. 2008) ("A case which has been removed may be remanded to state court because of a procedural defect in the removal process.").

If, however, I were to find that the service allegedly effected on Trademark on June 6, 2011 was performed improperly, and is therefore ineffective, June 6, 2011 is no longer the operative date from which the thirty-day filing period runs, and the Carroll County Circuit Court did not acquire personal jurisdiction over Trademark at that time. *See Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984))); *Chapman v. Kamara*, 739 A.2d 387, 392 (Md. 1999) (explaining that "in the absence of valid service of process[,] . . . the court never obtains personal jurisdiction over a party"). Under these circumstances, I must consider whether a subsequent act by Trademark in state court cured the jurisdictional deficiency caused by insufficient service of process and triggered the thirty-day filing period for removal under 28 U.S.C. § 1446(b).

The filing of an answer by a defendant causes personal jurisdiction to attach in the court where the answer is filed. *See Samuels v. Two Farms, Inc.*, No. DKC-10-2480, 2010 WL 4103670, at *1–2 (D. Md. Oct. 18, 2010) (noting that jurisdiction attached on the date the

defendant filed its answer). This is so because the act of filing an answer "prevents a defendant from challenging a complaint based on insufficient service," insufficient process, improper venue, or lack of personal jurisdiction. *See id.* at *2 (citing *Chapman*, 739 A.2d at 393 ("Once a party files an answer without raising the defense of insufficient service of process, that defense ordinarily is waived.")); Md. R. 2-322(a) (listing those defenses that are waived if not raised in a motion to dismiss filed before the answer). Where a defendant waives the insufficiency of service of process defense, "his first appearance or filing is the first moment where he submits to the jurisdiction of the court." *Id.* (citing *Flanagan v. Dep't of Human Resources*, 989 A.2d 1139, 1143 (Md. 2010) ("[T]he court has no jurisdiction [over a defendant] until . . . service is properly accomplished, or is waived by a voluntary appearance by the defendant, either personally or through a duly authorized attorney." (internal quotation marks and citation omitted))). Thus, if the service allegedly effected on Trademark on June 6, 2011 was insufficient, the thirty-day period for removal would begin to run, at the latest, on August 17, 2011, when Trademark filed its "Motion to Reconsider [Trademark's] Motion to Dismiss Petition to Enforce Award of Arbitrator or, in the Alternative, to Decline Jurisdiction and for Other Appropriate Relief, or in the Alternative, Answer and Counterclaim" in the Carroll County Circuit Court proceeding. *See id.* at *2 (ruling that the thirty-day removal period began when the defendant filed its answer in the state court proceeding, thereby submitting to the court's jurisdiction). In this scenario, Trademark's Notice of Removal, filed in federal court on September 8, 2011, would be timely and, consequently, the Rhines' Motion to Remand would be unmeritorious.

There remains, however, one additional date on which the thirty-day removal period may have begun to run. On June 30, 2011, Trademark filed a Motion to Dismiss Petition to Enforce Award of Arbitrator, or in the Alternative to Decline Jurisdiction and for Other Appropriate

7

Relief in the Carroll County Circuit Court. If I were to find that the service of process attempted on June 6, 2011 was insufficient, I then must consider whether by filing this motion—which did not raise as a preliminary objection insufficiency of service of process—in state court Trademark submitted to the jurisdiction of the state court, thereby triggering the thirty-day removal period and rendering its Notice of Removal untimely.

In light of the foregoing, the appropriate first inquiry, which was addressed in the evidentiary hearing held on March 7, 2012, is whether the Rhines properly effected service on Trademark under Maryland state law on June 6, 2011. I describe my ruling on that issue below.

### B. Service of Process in the State Court Proceeding

For Trademark's Notice of Removal to be timely, it must have been filed in federal court "within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). For many years, the phrase "through service or otherwise" was the subject of considerable disagreement, with federal courts taking one of two approaches. Some held that "the thirty day period allowed in § 1446(b) commences [only] upon *proper* service." *Schwartz Bros., Inc. v. Striped Horse Records*, 745 F. Supp. 338, 339 (D. Md. 1990) (emphasis added) (collecting cases). Under this approach, "[m]ere receipt of the complaint, if it does not comply with the applicable state rules of service of process, [would] not start the clock ticking." *Id.* In contrast, other courts held that, "so long as the defendant receives actual notice of the substance of the litigation, proper service need not be effectuated for the thirty day clock of § 1446(b) to start." *Id.* at 340 (collecting cases). Under this approach, receipt of a courtesy copy of the complaint would start the removal clock. *See Bright v. Harford Cmty. Coll.*, No. CCB-11-985, 2011 WL 1984055, at *1 (D. Md. May 20, 2011). In *Murphy Brothers,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court resolved the split, explaining that "the trigger for the [thirty]-day period was formal receipt [of the complaint] by service of process." *Bright*, 2011 WL 1984055, at *1 (citing *Murphy Bros., Inc.*, 526 U.S. at 352–53). The thirty-day removal period "is not triggered if the defendant receives a complaint unattended by formal service." *Samuels*, 2010 WL 4103670, at *1 (citing *Murphy Bros., Inc.*, 526 U.S. at 347).

Thus, unless it waived any objection for insufficiency of service of process, Trademark must have been properly served for the thirty-day removal period to begin. *See id.* at *2 (citing cases that construe *Murphy Brothers* as holding that "the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service" (internal quotation marks and citations omitted)). Importantly, "[i]n cases removed to federal court, state law determines whether service of process was properly effected prior to removal." *Steverson v. HSBC Auto Fin., Inc.*, No. DKC-10-3119, 2011 WL 1103164, at *4 (D. Md. Mar. 23, 2011). Therefore, the Maryland Rules relating to service of process govern the determination of when, if at all, the Rhines properly effected service on Trademark in the Carroll County Circuit Court proceeding.

Maryland Rule 2-124 states that "[s]ervice is made upon a corporation . . . by serving its resident agent, president, secretary, or treasurer." Md. R. 2-124(d). "If the corporation . . . has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.* For the reasons stated on the record in the evidentiary hearing,

which are incorporated herein by reference and summarized briefly below, I find that the Rhines failed to effect proper service on Trademark under the Maryland Rules.

It is undisputed that service was not made on Trademark's resident agent, president, secretary, or treasurer. Mr. Eric Swanson is the President, principal officer, and registered agent of Trademark. Pl.'s Supp. Resp. to Mot. to Remand Ex. A, Eric Swanson Aff. ¶ 3, ECF No. 30-1. The Rhines' process server does not contend that he served Eric Swanson. Additionally, it is undisputed that Mr. Swanson was not present in the office on June 6, 2011, the alleged date of service. Because Trademark has a resident agent, service on someone other than the resident agent, president, secretary, or treasurer would only be proper under Rule 2-124(d) if a good faith attempt was made to serve one of those persons and that attempt failed. *See id.* As I stated during the evidentiary hearing, whether Mr. Christopher Kaszak, the Rhines' private process server, made a good faith attempt to serve Trademark's resident agent and president, Eric Swanson, is a close call. I note that the first time Mr. Kaszak visited Trademark's office in an attempt to serve Mr. Swanson, he was informed by Trademark staff that Mr. Swanson was not present and supplied with a future date on which Mr. Swanson would be present. Mr. Kaszak did not return on that day. On the two occasions that Mr. Kaszak visited Trademark's office, he did not leave his contact information for Mr. Swanson, he did not schedule a meeting with Mr. Swanson, and he did not call before arriving to determine if Mr. Swanson was present. Additionally, Mr. Kaszak made the decision not to attempt to serve Mr. Swanson at his home, believing it would be inappropriate to do so, as the lawsuit related to Mr. Swanson's business.

At the evidentiary hearing, Mr. Kaszak testified that he ultimately effected service of process on Mr. Todd Swanson, Eric Swanson's brother and a manager of Trademark, believing that Eric Swanson had evaded service within the meaning of Maryland Rule 2-121(b). Under the

Maryland rules, if "proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by" alternative means. *See* Md. R. 2-121(b) (stating that, in situations where a defendant has evaded service, the court "may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant"); *see also* Md. R. 2-121(c) ("When proof is made by affidavit that good faith efforts to serve the defendant . . . have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."). Based on the filings and the evidence presented during the hearing, I cannot find that Eric Swanson evaded service. On his first attempt to serve Trademark, the Rhines' process server was told when Eric Swanson would be in the office, yet he did not return on that day. Neither did he call the office before his subsequent attempt to serve Trademark to determine whether Eric Swanson would be present. The absence of the president, resident agent, and principal owner of a small home improvement company, which operates with a small staff, absent more, hardly amounts to "evasion" of service of process. Moreover, even were I to find that Eric Swanson evaded service on behalf of Trademark, under the Maryland Rules, Mr. Kaszak's next step should have been to notify the Rhines, who in turn should have notified the Carroll County Circuit Court of their efforts to serve Trademark and requested a court order permitting an alternative means of service. This was not done.

Further, even were I to find that Mr. Kaszak had made a good faith attempt to serve Eric Swanson, such that service on a "manager, director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service" was appropriate

under the Maryland Rules, I am persuaded by the evidence Trademark presented at the hearing that indicates that Todd Swanson, Eric Swanson's brother and a manager of Trademark, never was actually served by Mr. Kaszak. Rather, I am persuaded that Mr. Kaszak left the service papers on the table in Trademark's entry area. Under the Maryland Rules, this action was not sufficient to constitute proper service of process on a corporation. *See* Md. R. 2-124(d) (listing those persons who may be served in order to effect service on a corporation); Md. R. 2-121(a)(1) ("Service of process may be made . . . by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it."). Instead, to be valid, Mr. Kaszak must have directly delivered to Todd Swanson "a copy of the summons, complaint, and all other papers filed with it." Md. R. 2-121(a)(1). Leaving copies of the relevant documents at Trademark's office—without hand delivery to any of the persons listed in Mr. R. 2-124(d)—was not sufficient. *See* Md. R. 2-121(a)(2) (noting that papers may be left at an individual's dwelling house or place of abode only "*if the person to be served is an individual*" (emphasis added)).

I note that Mr. Kaszak's form affidavit of service was filed in the Carroll County Circuit Court on June 8, 2011. Generally, the filing of a "proper proof of service is '*prima facie* evidence of valid service of process.'" *Ngabo v. Le Pain Quotidien*, No. DKC-11-0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011) (quoting *State Highway Admin v. Kee*, 525 A.2d 637, 641 (Md. 1987)). A defendant's "simple denial of service . . . is not sufficient to rebut the presumption arising from [a proper] return." *Sheehy v. Sheehy*, 242 A.2d 153, 155 (Md. 1968). As described above, however, Trademark did much more than simply deny that service properly was effected. As a result, I find that Trademark presented sufficient evidence to overcome the presumption of valid service. *See Weinreich v. Walker*, 203 A.2d 854, 856 (Md. 1964).

Trademark's filings indicate that it had actual notice of the state court proceedings by at least June 30, 2011, the date on which it filed its motion to dismiss. Because Trademark "apparently received actual notice," it "might be tempting to excuse the . . . deficiency in [the Rhines'] attempted service. *See Samuels*, 2010 WL 4103670, at *2. But, "there is nothing in Maryland law that suggests that the rules of service may be liberally construed." *Id.* In fact, "Maryland courts seem to take a strict, narrow approach to service; they treat 'defective service of process [as] a jurisdictional defect and actual knowledge of the proceedings on the part of the defendant will not cure that defect.'" *Id.* (alteration in original) (quoting *Lohman v. Lohman*, 626 A.2d 384, 392 (Md. 1993)). Thus, the fact that Trademark had actual knowledge of the state court case does not cure the Rhines' defective service. For the foregoing reasons, I find that Trademark was not properly served in the Carroll County Circuit Court proceeding on June 6, 2011. As a result, the thirty-day removal period did not begin on that date. I must next consider whether Trademark's June 30, 2011 filing constituted a submission to the jurisdiction of the Carroll County Circuit Court that would trigger the thirty-day removal period. I must also consider whether, in making its June 30, 2011 filing, Trademark waived its right to remove.

### C. Effect of Trademark's June 30, 2011 Filing

#### 1. Waiver of the Right to Remove

A number of federal courts, including courts in this circuit, have held that a "state court defendant . . . may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court [case], indicating a willingness to litigate in the state tribunal, before filing a notice of removal with the federal court." Wright et al., *supra*, § 3721 (collecting cases); *see Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) ("A defendant may waive the right to remove by taking some . . . substantial

defensive action in the state court *before* petitioning for removal. However, waiver by conduct does not exist when removal . . . precedes any state court action."); *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991) ("[A] defendant may . . . waive its 30-day right to removal by demonstrating a 'clear and unequivocal' intent to remain in state court." (quoting *Rothner v. City of Chicago*, 879 F.2d 1402, 1415 (7th Cir. 1989))); *Johnson v. Celotex Corp.*, 701 F. Supp. 553, 555 (D. Md. 1988) ("For waiver to have occurred, a defendant must have taken some affirmative action in state court after its right to remove exists."), *superseded by statute on other grounds as stated in Zumas v. Owens-Corning Fiberglas Corp.*, 907 F. Supp. 131, 132 (D. Md. 1995). The Fourth Circuit has indicated, however, that "waiver should only be found in 'extreme situations.'" *Grubb*, 935 F.2d at 59 (quoting *Rothner*, 879 F.2d at 1416). The values of "'judicial economy, fairness, convenience and comity'" should guide courts in determining whether a finding of waiver is appropriate. *See id.* (quoting *Rothner*, 879 F.2d at 1416).

While "the line between what will constitute waiver of the right to remove and what will not is far from clear," Wright et al., *supra*, § 3721, a few general principles may be deduced from a review of cases decided by courts in this circuit. The filing of a cross-claim or counterclaim in the state court has been held to waive a defendant's right to remove. *See Baldwin v. Perdue, Inc.*, 451 F. Supp. 373, 375–76 (E.D. Va. 1978) (finding dispositive the fact that the defendant filed a cross-claim against its co-defendant while the case was pending in state court and prior to filing its notice of removal, and, as a result, ordering remand); *Sood v. Advanced Computer Techniques Corp.*, 308 F. Supp. 239, 240–42 (E.D. Va. 1969) (finding that the filing of a voluntary counterclaim in state court waived the defendant's right to remove). Courts have refused, however, to find waiver "when the defendant's participation in the state action was not substantial or was dictated by the rules of that court or a state court judge." Wright et al., *supra*,

14

§ 3721. Answering before removal does not constitute substantial defensive action in state court. *Haak Motors LLC v. Arangio*, 670 F. Supp. 2d 430, 433 (D. Md. 2009) ("Answering before removal is not waiver." (citing *Champion Brick Co. v. Signode Corp.*, 37 F.R.D. 2, 4 (D. Md. 1965); Fed. R. Civ. P. 81(c))). This is true "even if the answer is a general denial, or contains affirmative defenses." *Id.* (citing *Champion Brick*, 37 F.R.D. at 4; *Sayre Enters., Inc. v. Allstate Ins. Co.*, 448 F. Supp. 2d 733, 736–37 (W.D. Va. 2006)). Simply put, a finding of waiver tends to require "some further action by the defendant [in the state court] that results in a decision [by that court] on the merits of the case." *Sayre Enters., Inc.*, 448 F. Supp. 2d at 736.

I find that Trademark's June 30, 2011 filing—styled as a Motion to Dismiss Petition to Enforce Award of Arbitrator, or in the Alternative, to Decline Jurisdiction and for Other Appropriate Relief—did not result in waiver of the right to remove. In so doing, I note that in the early stages of this case, none of the papers that Trademark filed in state or federal court were free from ambiguity. Trademark's June 30, 2011 motion is no exception. Because Trademark's motion not only denies the Rhines' claim, but seeks additional relief, it is possible to construe it as containing a counterclaim. *See* Pl.'s Notice of Removal Ex. 2, Mot. to Dismiss Pet. to Enforce Award of Arbitrator ¶¶ 5–6, ECF No. 14-2, at 4–7 ("Mot. to Dismiss") (requesting, as an alternative to dismissal, that the state court correct or modify the arbitrator's award); *East v. Gilchrist*, 445 A.2d 343, 347 (Md. 1982) (explaining that a counterclaim is a claim that does more than deny a plaintiff's demand or claimed right, but seeks "some type of different relief"); Md. R. 2-331(a) ("A party may assert as a counterclaim any claim that party has against any opposing party, whether or not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."). However, according to Md. R. 1-201—the state court analog to Fed. R. Civ. P. 1—the Maryland Rules are to "be construed to secure simplicity in

procedure, fairness in administration, and elimination of unjustifiable expense and delay." Md. R. 1-201(a). Trademark's motion does not contain the kind of "'clear and unequivocal' intent to remain in state court" that permits me to find waiver. *See Grubb*, 935 F.2d at 95 (quoting *Rothner*, 879 F.2d at 1415). Rather, the motion lists, in rank order, the relief sought by Trademark. The request for an order correcting or modifying the arbitration award is sought as alternative relief, and is listed only after Trademark's primary requests that the state court: (1) dismiss the Rhines' claim; (2) decline jurisdiction; or (3) schedule a hearing on the matter. *See* Mot. to Dismiss 3. Moreover, the motion focuses, almost entirely, on the reasons why Trademark believes the case should be heard in federal, rather than state, court. *See, e.g.*, Mot. to Dismiss ¶¶ 1–3 (outlining the grounds for the federal court's diversity jurisdiction); *id.* ¶¶ 4–5 (arguing that the arbitration award violates the Federal Arbitration Act); *id.* ¶ 6 (raising federal constitutional claims); *id.* ¶ 8 (stating that the United States District Court for the District of Maryland is the proper venue for this case). Because the filing of a counterclaim has been held to waive a defendant's right to remove, *see Sood*, 308 F. Supp. at 240–24, construing Trademark's motion as asserting a counterclaim—when such a claim is not obviously intended by the filing—would run counter to the admirable goals of Md. R. 1-201(a); *cf. Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 792 n.1 (D. Md. 2010) (explaining that Fed. R. Civ. P. 1 instructs the Court "not [to] exalt form over substance").

It is true that Trademark's August 17, 2011 "Motion to Reconsider . . . and/or in the Alternative, Answer and Counterclaim," largely requested the same relief as its earlier motion. *See* Pl.'s Notice of Removal Ex. 2, Mot. to Reconsider Def.'s Mot. to Dismiss & Answer/Counterclaim 3–4, ECF No. 14-2, at 34–38 ("Mot. to Reconsider"). Importantly, however, in this filing, unlike in its prior motion to dismiss, Trademark clearly denominated its

16

requests as counterclaims.[3] *See id.* at 1. In light of the foregoing considerations, and given the Fourth Circuit's warning that waiver should be found only in "extreme situations" where the removing party has clearly indicated a willingness to litigate the merits of the dispute in state court, *Grubb*, 935 F.2d at 59 (internal quotation marks and citation omitted), I find that Trademark's June 30, 2011 state court filing did not waive its right to remove.

### 2. Submission to Jurisdiction

Finally, I do not find that in filing its June 30, 2011 motion Trademark submitted to the jurisdiction of the Carroll County Circuit Court for purposes of beginning the thirty-day removal clock. Where a defendant waives its right to challenge the insufficiency of service, its "first appearance or filing is the first moment where [it] submits to the jurisdiction of the court." *Samuels*, 2010 WL 4103670, at *2. Under Maryland law, the insufficiency of service defense is waived if not made in a motion to dismiss filed before the answer. *See* Md. R. 2-322. In other words, until an answer has been filed, the insufficiency of service defense is not waived. *See Chapman*, 739 A.2d at 393. As of June 30, 2011, Trademark had not yet filed its answer. Thus,

---

[3] Neither do I find that Trademark's Motion to Reconsider, filed on August 17, 2011, waived its right to remove. The filing of a counterclaim is optional rather than compulsory under Maryland law. *See* Md. R. 2-331. In filing a counterclaim, Trademark "invoked the jurisdiction of the [s]tate court [and] . . . became a plaintiff" to that proceeding. *See Sood*, 308 F. Supp. 239, 242 (addressing Virginia law). For these reasons, other courts have held that the filing of a counterclaim waives a defendant's right to remove. *See id.* However, "[t]he determination of whether the defendant demonstrated an intent to waive the right to remove to federal court is a factual determination." *Sayre Enters., Inc.*, 448 F. Supp. 2d at 735 (citing *Aqualon Co.*, 149 F.3d at 264). While Trademark's Motion to Reconsider contains, among other things, a counterclaim, it does not indicate a "clear and unequivocal intent to remain in state court." *See Grubb*, 935 F.2d at 95 (internal quotation marks and citation omitted). The counterclaim was listed as an alternative form of relief and is located near the end of the litany of relief sought by Trademark. *See* Mot. to Reconsider 3–4. Moreover, like the previous motion to dismiss, the motion to reconsider focuses, almost entirely, on the reasons why Trademark believes the case should be heard in federal, rather than state, court. *See* Mot. to Reconsider ¶¶ 4, 10–12, 13. For these reasons, I do not find that Trademark's August 17, 2011 state court filing displayed such a clear intent to litigate the merits of the dispute in state court that it would constitute a waiver of the right to remove.

Trademark could not yet have waived its insufficiency of service defense. Because the Rhines failed to properly effect service on Trademark, and because Trademark did not waive the insufficiency of service defense, the June 30, 2011 motion did not submit Trademark to the jurisdiction of the Carroll County Circuit Court. *See Flanagan*, 989 A.2d at 1143 (stating that a court has no jurisdiction over a defendant until "service is properly accomplished, or is waived by a voluntary appearance" (internal quotation marks and citation omitted)).

Instead, jurisdiction attached on August 17, 2011, when Trademark filed its "Motion to Reconsider . . . and/or in the Alternative, Answer and Counterclaim," and the thirty-day removal period announced in 28 U.S.C. § 1446(b) began to run on that date. *See Samuels*, 2010 WL 4103670, at *1–2. As a result, Trademark's Notice of Removal, which was filed in federal court on September 8, 2011, was timely. The Rhines' Motion to Remand must be DENIED.

## III. CONCLUSION

For the foregoing reasons, I find that the Rhines failed to properly effect service of process on Trademark in the Carroll County Circuit Court proceeding. I also find that the thirty-day removal period did not begin to run until August 17, 2011, when Trademark filed its "Motion to Reconsider . . . and/or in the Alternative, Answer and Counterclaim" in the state court proceeding. As a result, Trademark's Notice of Removal was timely filed in federal court, and the Rhines' Motion to Remand is DENIED. The practical effect of this ruling is that all matters relating to the arbitration agreement between the parties and the subsequent award will be litigated in federal, rather than state, court. In other words, both the Rhines' Motion to Enforce Award of Arbitrator, originally filed in state court, and Trademark's Amended Motion to Modify, Vacate, or Correct an Arbitration Award, will be resolved in federal court.

Counsel are DIRECTED to confer with each other pursuant to Fed. R. Civ. P. 26(f), and then schedule a conference with the Court —telephonic or otherwise—pursuant to Fed. R. Civ. P. 16(a) in order to set a pretrial schedule. The conference will be held within thirty (30) days of this Memorandum and Order.

Dated: <u>March 30, 2012</u>

/S/
Paul W. Grimm
United States Magistrate Judge

hlw